UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JORETHA MITCHELL,**<br>     Plaintiff,<br><br>v.<br><br>**PAUL MONK,** *et al.*,<br>     Defendants. | Case No. 4:21-cv-1126-CLM |

### MEMORANDUM OPINION

Joretha Mitchell, a black woman who worked as a correctional officer, sues her former supervisors Paul Monk, Phillip Barnard, and John Kitchens in their individual capacities, and Billy J. Murray in his official capacity as St. Clair County Sheriff. In her amended complaint, Mitchell filed several claims. (Doc. 17.) The Defendants seek to dismiss Mitchell's amended complaint. (Doc. 19.)

For the reasons stated within, the court will **GRANT** the Defendants' motion to dismiss Mitchell's amended complaint. The court will **DISMISS** the amended complaint **without prejudice** and will allow Mitchell one opportunity to file a second amended complaint that complies with the Federal Rules of Civil Procedure and Eleventh Circuit precedent.

### BACKGROUND

Mitchell began working as a corrections office for St. Clair County Sheriff's Office ("Sheriff's Office") in 2000. In general, Mitchell asserts: (1) that coworkers and supervisors called or referred to Mitchell as a "bitch"; (2) that officers discussed their opinions about Mitchell and shared details about Mitchell's personal life with inmates; (3) that officers instigated and gathered complaints about Mitchell to try to get her removed from her position; (4) that supervisors passed Mitchell over for promotions, despite the Sheriff's Office policy and Mitchell's seniority;

(5) that supervisors disregarded Mitchell's safety by transferring an inmate who had threatened Mitchell to the facility where Mitchell worked; and (6) that supervisors ignored Mitchell's complaints that she was being discriminated against. In 2020, the Sheriff's Office terminated Mitchell's employment.

Mitchell presents nine counts in her Amended Complaint: (Count I) Race Discrimination; (Count II) Sex Discrimination; (Count III) Retaliation on the Basis of Race; (Count IV) Retaliation on the Basis of Sex; (Count V) Hostile Work Environment on the Basis of Race; (Count VI) Hostile Work Environment on the Basis of Sex; (Count VII) Retaliatory Hostile Work Environment; (Count VIII) Race Discrimination under 42 U.S.C. § 1981; and (Count IX) Violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983. Mitchell seeks declaratory and injunctive relief, prejudgment interest, attorneys' fees, costs, compensatory damages, lost employment benefits and wages, back pay, front pay, interest, punitive damages, and other legal or equitable relief to which she may be entitled.

## STANDARD OF REVIEW

On Rule 12 motions to dismiss, the court accepts the allegations in Mitchell's Amended Complaint as true and construes them in the light most favorable to Mitchell. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). But the court need not accept legal conclusions or unwarranted factual inferences as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The ultimate question is whether all of Mitchell's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Id.* at 678–79. If the facts as pleaded could entitle Mitchell to relief, then the court must deny the Defendants' motion to dismiss. If, however, the court accepts all of Mitchell's pleaded facts as true, and Mitchell still would not be entitled to relief, then the court must grant the motion.

## ANALYSIS

Mitchell's complaint is a prime example of a shotgun pleading that fails to meet the pleading standards that the Rules and this court require. So the court will dismiss Mitchell's amended complaint without prejudice and give Mitchell one chance to amend her complaint to fix the deficiencies described below.

### I. Shotgun Pleading

Both the Federal Rules of Civil Procedures and Eleventh Circuit precedent prohibit the use of shotgun pleadings. FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 10(b); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must be "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Eleventh Circuit precedent has identified four types of shotgun pleadings: (1) a complaint that contains multiple counts where each adopts the allegations of all preceding counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate "into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

The plaintiffs' first amended complaint is a shotgun pleading that fails to provide the defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1321. The court will address each type of shotgun pleading in turn.

### A. Multiple Counts Adopting Allegations of Preceding Counts

Mitchell explicitly states that each count adopts the allegations of preceding counts. *See e.g.*, doc. 17, p. 14, ¶ 48 ("Plaintiff adopts and re-alleges all paragraphs set forth above as if fully set forth herein."). This makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. *Anderson v. District Bd. Of Tr's. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366. To correct the pleading deficiencies, the plaintiffs should only include facts and allegations in each count that apply to that count.

### B. Conclusory, Vague, and Immaterial Facts Not Obviously Connected to a Cause of Action

The court will use Count I to demonstrate the plaintiffs' use of conclusory or vague statements, but these deficiencies exist throughout Mitchell's amended complaint.

- "Plaintiff has been discriminated against on the basis of her race (Black) beginning in 2007 and continuing." (Doc. 17, p. 13, ¶ 41.)
- "Plaintiff's employment was terminated by Defendant employer and their agents because of her race." (*Id.* ¶ 45.)
- "All of the above discriminatory actions in violation of Title VII were taken under the supervision of Defendant employer. Defendant employer allowed the unlawful discriminatory behavior and termination on the basis of race and sex to go unremedied, allowing an atmosphere of race discrimination as an acceptable employment practice." (*Id.* ¶ 46.)
- "As a result of the willful actions of the Defendant employer and its agents, and as a proximate cause thereof, Plaintiff has been and continues to be denied her right to equal employment opportunity." (*Id.* ¶ 47.)

As shown above, Mitchell often used vague or conclusory statements. To correct the pleading deficiencies, Mitchell should identify the elements of each claim and then plead specific facts and allegations to support the elements of the claims asserted.

### C. Failure to Separate the Causes of Action or Claims for Relief into Appropriate Counts

Mitchell asserts nine separate counts, but there is significant overlap between the counts. Count III (Retaliation on the Basis of Race) and Count IV (Retaliation on the Basis of Sex) should be combined. Count V (Hostile Work Environment on the Basis of Race) and Count VI (Hostile Work Environment on the Basis of Sex) should be combined. Count VII (Retaliatory Hostile Work Environment) should be subsumed into either the Retaliation Claim or the Hostile Work Environment Claim.

### D. Failure to Specify Which Claims Are Brought Against Which Defendants

One of the biggest problems with Mitchell's amended complaint is that she did not make clear which claims she brought against which defendant(s). If Mitchell decides to file a second amended complaint, she should specify which defendant took which action, which facts apply to which defendant, and which claims are brought against which defendant.

\* \* \*

This court can dismiss a complaint if the complaint does not comply with the pleading standards in the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d at 1320. But this court must "give the plaintiff one chance to remedy" a shotgun pleading and "point out the defects in the complaint" before dismissing the case on this ground. *Jackson*, 898 F.3d at 1358–59 (quotation marks omitted).

The plaintiffs' first amended complaint is a shotgun pleading in violation of Federal Rules of Civil Procedure 8(a)(2), Federal Rules of Civil Procedure 10(b), and Eleventh Circuit precedent. It fails to properly notify the defendants of the claims against them and makes it impossible for the court to determine whether the plaintiffs have stated a claim for relief. According to Eleventh Circuit caselaw, this court will give Mitchell one chance to remedy the deficiencies.

## II. Administrative Remedies, Immunity, and Statutes of Limitation

The court does not address the defendants' arguments that Mitchell did not exhaust her administrative remedies, that the Defendants are immune from Mitchell's claims, or that some of Mitchell's claims are barred by statutes of limitation. But the court advises Mitchell to be aware of the exhaustion requirement, immunity laws, and statutes of limitation if she decides to draft a second amended complaint. The court expects that all claims will follow these requirements and laws.

## CONCLUSION

For the reasons listed above, the court will **GRANT** the Defendants' motion to dismiss (doc. 19) the plaintiffs' first amended complaint (doc. 17). Because of the pleading deficiencies, the court does not address the merits of the Defendants' motion to dismiss.

The court gives Mitchell one more chance to remedy the deficiencies discussed in this opinion. Mitchell may file a second amended complaint that complies with the Federal Rules of Civil Procedure and Eleventh Circuit precedent by **April 22, 2022**. If Mitchell fails to amend her complaint by that date, or if Mitchell files a second amended complaint that does not comply with the Federal Rules of Civil Procedure and Eleventh Circuit precedent, the court will dismiss this case with prejudice.

If Mitchell files a second amended complaint, the Defendants must respond by **May 20, 2022**. If any defendant files a Rule 12 motion to dismiss, the court will enter a briefing schedule. The court will not order discovery until the court rules on any motion(s) to dismiss. The court will enter a separate order that carries out this ruling.

**DONE** on April 5, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE