FILED

2023 Jan-31  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**JORETHA MITCHELL,**
     Plaintiff,

**v.**

                    **Case No. 4:21-cv-1126-CLM**

**BILLY J. MURRAY,**
     Defendant.

## MEMORANDUM OPINION

Joretha Mitchell, a former corrections officer, sues Billy J. Murray in his official capacity as the St. Clair County Sheriff. Mitchell presents various claims of racial discrimination, retaliation, and the creation of a hostile work environment. But Mitchell's earlier complaints violated the pleading requirements imposed by the Eleventh Circuit and the Federal Rules of Civil Procedure. So the court dismissed Mitchell's first amended complaint without prejudice, giving Mitchell "one more chance" to file a proper complaint. (*See* Doc. 26). In its order, the court provided detailed instructions on how to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b). (*See id.*, pp. 4–5). Mitchell has since filed two amended complaints, but neither complies with the court's detailed instructions. Murray now asks this court to dismiss Mitchell's Third Amended Complaint (doc. 40). For the reasons explained below, the court **GRANTS** the motion.

### STATEMENT OF FACTS

1. <u>Background</u>: Plaintiff Joretha Mitchell ("Mitchell") is a former corrections officer of the St. Clair County Sheriff's Office ("Sheriff's Office"). Defendant is Billy J. Murray, the St. Clair County Sheriff ("Murray").

Mitchell alleges that during her time as an employee, several members of the Sheriff's Office retaliated against her, created a retaliatory hostile work environment, and discriminated against her because of her race. Throughout

the now-operative complaint, Mitchell describes various incidents with Sheriff's Office employees spanning from 2007 to 2020. Among other things, Mitchell alleges that (1) coworkers and supervisors repeatedly called her a "bitch," (2) officers made threats to her, (3) officers shared personal information with jail staff and inmates while she was on medical leave, (4) officers instigated and gathered complaints about her to have her removed, (5) supervisors passed her over for promotions, and (6) supervisors ignored her complaints about racial discrimination.

The Sheriff's Office terminated Mitchell's employment in August 2020. After being dismissed, Mitchell filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and later amended it. The EEOC issued a notice of right to sue in May 2021. Mitchell then filed this lawsuit.

2. <u>The Pleadings</u>: This court held that Mitchell's first amended complaint was an impermissible "shotgun" pleading. (*See* Doc. 26). So the court dismissed it without prejudice, and gave Mitchell "one more chance" to remedy the deficiencies the court identified. (Doc. 26).

Mitchell, assisted by counsel, has since filed two amended complaints. (*See* Docs. 29, 38). The now-operative complaint removed all defendants except St. Clair County Sheriff Bill J. Murray in his official capacity. (Doc. 38). Mitchell alleges three counts: (1) retaliation, (2) a retaliatory hostile work environment; and (3) racial discrimination as to promotion opportunities, pay increases, and the enforcement of disciplinary rules.

Murray asks the court to dismiss Mitchell's Complaint for ten reasons: (1) the Complaint is an impermissible shotgun pleading; (2) Mitchell failed to exhaust her administrative remedies as required by Title VII; (3) some of Mitchell's claims under 42 U.S.C. § 1981 are time-barred; (4) Mitchell's claims under 42 U.S.C. § 1983 are time-barred; (5) Mitchell fails to allege an actionable Title VII claim; (6) Mitchell fails to state a claim of racial discrimination under 42 U.S.C. § 1981; (7) Mitchell's § 1983 equal protection claims fail; (8) Murray cannot be vicariously liable for acts of subordinates; (9) § 1983 claims against Murray in his official capacity must fail based on Eleventh Amendment immunity; and (10) Murray is immune from punitive damages. (*See* Docs. 40-41). Mitchell opposes the motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true, and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). This tenet, of course, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

Murray first argues that Mitchell's Third Amended Complaint ("Complaint") should be dismissed because it remains a shotgun pleading. (Doc. 41, p. 2–3). A shotgun pleading is any pleading which "fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Both the Federal Rules of Civil Procedure and Eleventh Circuit precedent prohibit the use of shotgun pleadings. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018); *Weiland*, 792 F.3d at 1321 (11th Cir. 2015).

Although shotgun pleadings can take many forms, the Eleventh Circuit has identified four "rough types" of shotgun pleadings. *Id.* at 1321–23. The categories most relevant here are (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts," and (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.

## A. Mitchell's Complaint contains "multiple counts where each count adopts the allegations of all preceding counts."

When the court dismissed Mitchell's earlier complaint, the court directed Mitchell to "only include facts and allegations in each count that apply to each count." (Doc. 26, p. 4).

But Mitchell continues to state that each count adopts the allegations of preceding counts. (*See, e.g.*, Doc. 38, p. 12). Thus, each successive count "carr[ies] all that came before it," rendering the last count "a combination of the entire complaint." *Weiland*, 792 F.3d at 1322. Indeed, Count III incorporates all 57 paragraphs that precede it. (*See* Doc. 38, p. 17, ¶ 58) ("Plaintiff incorporates the foregoing allegations in the numbered paragraphs as if fully set forth herein."). In other words, Mitchell incorporates every paragraph of her Complaint into her final count.

Mitchell's complaint remains an impermissible shotgun pleading because it "incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356. Thus, "the amended complaint patently violates Federal Rule of Civil Procedure 8, which requires a plaintiff to plead 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## B. Mitchell's Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

In its earlier order, the court also instructed Mitchell to reduce her use of conclusory, vague, and immaterial facts. (*See* Doc. 26, p. 4). Specifically, the court instructed Mitchell to "identify the elements of each claim and then plead specific facts and allegations to support the elements of the claims asserted." (*Id.*). Mitchell fails to make this correction in her Complaint.

Paragraphs 7 through 37 of Mitchell's Complaint describe a wide range of situations spanning from 2007 to 2020. And when it comes time to plead her claims, Mitchell fails to explain which facts support each count.

For example, in Count I, Mitchell asserts that she was terminated after engaging in protected activity by making repeated complaints about racial discrimination to senior leadership. (Doc. 38, pp. 13–14). But she never explains when she engaged in this protected activity. Her Complaint describes three occasions in which Mitchell complained about racial discrimination: once in 2016, once in 2018, and once in 2020. (Doc.39, pp. 9–10). But Count I never articulates which facts apply to Count I.

The same problem exists in Count II. Mitchell asserts that she was subjected to a retaliatory hostile work environment after engaging in protected activity. (Doc. 38, p. 15). But again, she fails to cite specific instances of engaging in protected activity. Instead, she generally asserts that she complained to seven members in her chain of command. (*See id.*).

Count III is no different. After incorporating each previous paragraph of her Complaint, Mitchell alleges that from 2016 to 2020, Murray subjected Mitchell to "ongoing discriminatory treatment based on her race." (Doc. 38, p. 17). And she alleges that Murray's discriminatory conduct "included but was not limited to a denial of promotions and pay increases . . . and selective enforcement of disciplinary rules . . ." But she never articulates which factual allegations support Count III.

Rather than pleading distinct, focused claims, and supporting each claim with relevant facts, Mitchell uses her Complaint to air every grievance she had—spanning from 2007 to 2020—against her former coworkers and supervisors at the Sheriff's Office. Mitchell says that each count "incorporates the foregoing allegations" (*see, e.g.*, doc. 38, p. 12), but it is clear from the face of the complaint that a portion of Mitchell's claims are time-barred. (*See, e.g.*, Doc. 38, p. 3) ("On or around 2008 . . . Captain Moss called Plaintiff a "bitch."). (*See also* Doc. 38, p. 7) ("In November 2014 . . . Plaintiff did the majority of the work as Captain with no pay increase . . ."). And she fails to tie specific facts to specific claims.

Federal Rule of Civil Procedure 10(b) requires a party to limit each claim "as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Mitchell violates that requirement. And the court warned that "if Mitchell files a second amended complaint that does not comply with the Federal Rules of

Civil procedure and Eleventh Circuit Precedent, the court will dismiss this case with prejudice." (Doc. 26, p. 6).

\* \* \*

The court noted both deficiencies before. Yet Mitchell continued to make them.

Mitchell's brief in opposition (filed by new counsel) is evidence that Mitchell *could* have pleaded her claims more clearly, as required by the Rules. The brief in opposition limits each count to a single set of circumstances. (*See, e.g.*, Doc. 44, pp. 6–7). It articulates specific dates, specific individuals involved, and specific details about events that occurred. (*See* Doc. 44). And importantly, it proves that Mitchell could have followed the rules outlined by this court.

But "a complaint may not be amended by briefs in opposition to a motion to dismiss." *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015); *see also Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (holding that an argument raised for the first time in response to defendant's motion to dismiss, instead of in an amended complaint, was not properly raised before the district court and would not be considered on appeal). So the court must evaluate Mitchell's complaint based on what it says.

A complaint should be dismissed as an impermissible shotgun pleading only when "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). Mitchell's Complaint meets that standard, so the court must dismiss it—as the court warned that it would.

6

## CONCLUSION

For the reasons explained above, the court **GRANTS** Murray's motion to dismiss (doc. 40). The court will enter a separate order that carries out this ruling, and **DISMISSES WITHOUT PREJUDICE** all claims against Murray.

**DONE** on January 31, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE